Robert R. **BULLS**

v.

M. Sherlock **HOLMES** et al.

Civ. A. No. 75–0295–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 30, 1975.

H. Woodrow Crook, Jr., John R. Marks, Smithfield, Va., for plaintiff.

R. H. Cooley, Jr., Petersburg, Va., Gerald G. Poindexter, County Atty. for Surry County, Surry, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, a white applicant for the position of "landfill operator" for the Surry County landfill project, brings this action alleging that the defendants racially discriminated against him in hiring a "less qualified" black applicant for the job. Plaintiff seeks compensatory and punitive damages along with costs and attorney's fees. There appears no demand that plaintiff be hired. Defendants Holmes, Jones, Hardy, Ellis and Johns were members of the Surry County Board of Supervisors at the time the alleged discrimination occurred. Defendant Agle was employed by the Surry County Board of Supervisors as County Administrator during this period. This action is brought under 42 U.S.C. §§ 1981, 1983, 2000e *et seq.* Jurisdiction is allegedly attained pursuant to 28 U.S.C. § 1343(3), 42 U.S.C. § 2000e–5(f). This matter comes before the Court on defendants' motion to dismiss and plaintiff's response thereto. In light of the fact that correspondence between the Equal Employment Opportunity Commission and plaintiff and his attorney was considered by the Court, and these matters lie outside the pleadings, this motion will be treated as a motion for summary judgment. Rule 12(c), Fed.R.Civ.P. Defendants contend that this Court does not have subject matter jurisdiction over the Title VII (42 U.S.C. § 2000e–5) aspect of the case and that the Virginia statute of limitations bars the §§ 1981, 1983 claims.

The facts, as alleged by plaintiff, reveal that on March 20, 1973, the plaintiff submitted an application with the Surry County Board of Supervisors for the position of "landfill operator." On June 20, 1973, plaintiff undertook a test on the equipment to be operated. The County Administrator allegedly informed plaintiff on June 25, 1973 that he was the best qualified for the position and would be hired. Plaintiff was informed by the County Administrator on June 26, 1973, however, that the County Board of Supervisors wanted to hire a black operator as the last three county employees hired were white. Plaintiff complained to the Equal Employment Opportunity Commission of this alleged discrimination in a letter dated June 29, 1973. The Equal Employment Opportunity Commission (EEOC) responded August 16, 1973 by requesting additional information which was apparently given. On September 18, 1973, in response to plaintiff's inquiry, the EEOC informed him that it would investigate the complaint in due course but that a backlog of cases might cause a delay. After approximately six and one-half months of inaction, plaintiff's attorney, Mr. Crook, wrote the EEOC in order to ascertain the status of his client's complaint. On April 29, 1974, the EEOC informed Mr. Crook that the complaint was still pending but an exact date on which the investigation would take place could not be given. This was the last contact, evidenced in this record, between EEOC and the plaintiff.

Plaintiff filed this action on June 26, 1975. It does not appear that either the EEOC or the Attorney General have issued the plaintiff a right to sue letter as required by 42 U.S.C. § 2000e–5(f)(1). Jurisdiction over the claims arising under 42 U.S.C. §§ 1981, 1983 is attained pursuant to 28 U.S.C. § 1343.

Plaintiff's complaint, fairly read, alleges that the defendants' refusal to hire him was racially motivated. The defendants are county officials and therefore no problem of state action exists. Thus, plaintiff clearly states a claim for which relief can be granted, under 42 U.S.C. §§ 1981, 1983. It is also well settled that actions may proceed under 42 U.S.C. §§ 1981, 1983 without concern for the ability to proceed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq., Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). *Cf. Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Defendants contend, however, that this action is barred by the applicable statute

of limitations. Plaintiff asserts that the statute of limitations for his §§ 1981, 1983 claim was tolled as of June 29, 1973, the date a formal complaint was filed with the EEOC. The Supreme Court recently ruled directly against the plaintiff on this point. The timely filing of an employment discrimination charge with the EEOC pursuant to 42 U.S.C. § 2000e–5 does not toll the running of the limitation period applicable to an action, based on the same facts, brought under 42 U.S.C. §§ 1981, 1983. *Johnson v. Railway Express Agency, supra.* Plaintiff, then, must satisfy the statute of limitations applicable to an action brought under §§ 1981, 1983.

■ Since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under §§ 1981, 1983, the controllng period is the most appropriate one provided by state law. *Johnson v. Railway Express Agency, supra; Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L. Ed.2d 296 (1971) ; *U. A. W. v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). In Virginia, the statute of limitations for § 1983 actions is specified as one (1) year in Code of Virginia § 8–24 (1950). This provision is clearly the one most applicable to § 1981 actions as well. See, *Almond v. Kent,* 459 F.2d 200 (4th Cir. 1972). The Supreme Court recently applied a Tennessee one year statute of limitations, similar to that adopted by Virginia, to an action arising under § 1981. *Johnson v. Railway Express Agency, supra,* 421 U.S. 454, 95 S.Ct. 1716 (1975). The Court expressly reserved judgment, however, on whether that statute impermissibly discriminated against the federal cause of action. *Johnson, supra,* 421 U.S. 454, 462 n. 7, 95 S.Ct. 1716 n. 7. This Court has previously invalidated that portion of § 8–24 Code of Virginia concerning § 1983 actions on precisely that ground. *Van Horn v. Lukhard,* 392 F.Supp. 384 (E.D.Va.1975). The reasoning behind *Lukhard* remains persuasive to this Court today. Conse-

quently, as a matter of federal law, the timeliness of §§ 1981, 1983 "constitutional tort" actions shall be governed by Virginia's two year "personal injury" statute for the reasons enunciated by Judge Winter in *Almond v. Kent,* 459 F. 2d 200 (4th Cir. 1972).

■ Turning to the case at hand, it appears that plaintiff has filed his action within the statutory period. The alleged discriminatory action occurred June 26, 1973 and this action was filed June 26, 1975. The day of the act from which the statute of limitations begins to run is not included in computing the period. Rule 6(a), Fed.R.Civ.P. Thus, the limitation period did not begin until June 27, 1973. As this action commenced upon filing on June 26, 1975, plaintiff barely managed to keep his cause of action alive. Therefore, the defendants' motion to dismiss the §§ 1981, 1983 actions is denied.

■ Defendants' motion to dismiss the Title VII aspect of this action involves determining whether the jurisdictional prerequisites of the action have been met. At the outset, it should be remembered that a plaintiff may wish to pursue both a Title VII action and §§ 1981, 1983 actions. Title VII offers assistance in investigation, conciliation, counsel, waiver of court costs and attorney fees, items that are not available on the face of either § 1981 or § 1983. *Johnson v. Railway Express Agency,* 421 U.S. 454, 461, 95 S.Ct. 1716 (1975). In order to maintain a Title VII action in a federal court, however, plaintiff must satisfy the jurisdictional prerequisites of that action. Specifically, plaintiff must show: (1) he has filed a timely charge of employment discrimination with the EEOC, and (2) received and timely acted upon proper statutory notice of the right to sue. *Alexander v. Gardner Denver Co., supra,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) ; *Johnson v. Seaboard Air Line Railroad Co.,* 405 F.2d 645 (4th Cir. 1968) ; *Mickel v. South Carolina State Employment Service,* 377 F.2d 239 (4th Cir. 1967). In the present

case, there is no dispute as to the timely filing of the complaint with EEOC. The complaint was sent to the EEOC within three days of the alleged discriminatory event. The ability of this Court to hear the Title VII action is questioned because there is no evidence that a right to sue letter was ever issued to the plaintiff. It is not alleged, nor is there any evidence, that the plaintiff deliberately bypassed the administrative machinery of EEOC. *Cf. Mickel, supra; Stebbins v. Nation-wide Mutual Insurance Co.,* 382 F.2d 267 (4th Cir. 1967). On the contrary, plaintiff and his attorney inquired several times as to the status of plaintiff's complaint and the EEOC investigation. The letter from Mr. Crook dated April 1, 1974 specifically asked whether judicial action would be necessary in light of the administrative inaction. The EEOC responded apologetically and informed plaintiff that an investigation would commence sometime in the indefinite future. More than a year elapsed since that letter with still no EEOC action. Far from purposeful evasion of the administrative process, plaintiff's plight represents unrewarded patience. A brief look at EEOC procedures may explain how a person can be placed in a bureaucratic hold pattern.

The statute itself provides "[i]f a charge filed with the Commission pursuant to subsection (b) is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . . " 42 U.S.C. § 2000e–5(f)(1). Thus it appears that a complainant should receive notice as to the status of his complaint sometime within one hundred and eighty days of filing his complaint or shortly thereafter. As this case involves a governmental agency as defendant, this notice would presumably come from the Attorney General. A literal reading of this section would also indicate that this notice would include the statutory notice of the right to sue. Administrative regulations of the EEOC, however, prohibit the issuance of right to sue letters prior to a determination on the merits of the complaint unless the aggrieved party demand such a letter. 29 C.F.R. §§ 1601.25c(b), 1601.25c(d). Absent such a demand, no right to sue letter will be issued. The layman or unenlightened attorney who patiently relies on the administrative process may find, as is the case here, that several years have elapsed without any action having been taken, and unaware of his right to demand the letter necessary to present his grievance in court. The propriety of regulations that require the complaint to affirmatively request a right to sue letter may well be questioned in light of the statutory command that the EEOC or the Attorney General give such notice to the aggrieved person. Automatic issuance of right to sue letters upon expiration of 180 days, however, might not advance the objectives of Title VII. The statutory scheme of Title VII envisions informal conciliation efforts with litigation resorted to only after these attempts to secure voluntary compliance have failed. See *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 44–47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *EEOC v. Cleveland Mills,* 502 F.2d 153 (4th Cir. 1974). If EEOC conciliation attempts were not completed one hundred and eighty days after the complaint was filed, and a right to sue letter was issued, the complainant would be forced to bring his own action

within ninety days or rely entirely on EEOC efforts. A complainant must bring his private action within ninety days of issuance of the right to sue letter or forever be barred from bringing his action in federal court. *EEOC v. Cleveland Mills, supra; Stebbins v. Nationwide Ins. Co.*, 469 F.2d 268 (4th Cir. 1972). An aggrieved person is not faced with such a choice. Rather, he is given the option of awaiting final EEOC action, or demanding the right to sue letter and proceeding on his own in federal court. *Tuft v. McDonnell Douglas Corp.*, 517 F.2d 1301 (8th Cir. 1975); *EEOC v. Cleveland Mills Co.*, supra. This option is consistent with the role private actions play in the Title VII enforcement mechanism. The need for private action stemmed from the increasing workloads and backlogs which plague regulatory agencies. "[T]he private right of action, . . ., provides the aggrieved party a means by which he may be able to escape from the administrative quagmire which occasionally surrounds a case caught in an overloaded administrative process." H.Rep.No.92–238, 1972 U.S. Code Cong. & Admin.News, pp. 2137, 2147–48 (1973). It is is difficult to see how this quagmire can be avoided if the complainant is not informed of the means of escape. Plaintiff in this case was not informed of his right to demand a right to sue letter. This appears to be a deviation from the normal practice of informing a complainant of his right to demand, but withholding the actual right to sue letter until formal demand is made. See *Tuft v. McDonnell Douglas Corp., supra*, at 1308–10. If plaintiff has failed to make a proper demand for a right to sue letter, it is only because he was unaware of his ability to make such a demand. Absent prejudice to the defendants, the plaintiff will not be penalized for the errors or omissions of the EEOC. *Tuft, supra; EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1360 (6th Cir. 1975); *Quarles v. Philip Morris, Inc.*, 271 F. Supp. 842 (E.D.Va.1967).

Notwithstanding the above, a question arises as to whether a demand was made for a right to sue letter, and yet one was not issued. Mr. Crook's letter of April 1, 1974 can be liberally interpreted as a demand for notice of the right to sue. If such a demand was made, the right to sue letter should have been issued per 29 C.F.R. § 1601.25c(d) (1974). Mr. Crook's letter inquired, "[i]s it now necessary for Mr. Bulls to seek judicial relief as no relief can be obtained through the Commission?" In light of the expiration of the 180 day period and that no investigation had ever begun, the EEOC should have either issued a right to sue letter or informed the plaintiff of his right to demand one. There is no evidence, however, that the plaintiff ever received such notice. Thus it appears as though a colorable demand for a notice to sue letter has been made but neither the EEOC nor the Attorney General has issued it. The fault, if any, for not obtaining a right to sue letter does not lie with the plaintiff, but with either the EEOC or the Attorney General, or with their procedures. In any event, this Court is unwilling, as are many others, to penalize Title VII plaintiffs for the mistakes of the EEOC or the Attorney General. *Dent v. St. Louis-San Francisco Ry. Co.*, 406 F.2d 399 (5th Cir. 1969); *Choate v. Caterpillar Tractor Co.*, 402 F. 2d 357 (7th Cir. 1968); *Shaffield v. Northrop Worldwide Aircraft Services, Inc.*, 373 F.Supp. 937 (M.D.Ala.1974); *Bormann v. Long Island Press Publishing Co., Inc.*, 379 F.Supp. 951 (E.D.N.Y. 1974). This position is consistent with principle enunciated by Judge Butzner that a "plaintiff is not responsible for the acts or omissions of the Commission. He . . . should not be denied judicial relief because of circumstances over which [he has] no control." *Quarles v. Philip Morris, Inc.*, 271 F.Supp. 842, 846–47 (E.D.Va.1967).

As there is a real question as to whether a right to sue letter has been demanded and improperly refused, the defendants' motion to dismiss is denied. Plaintiff is directed to once again ascertain the status of his complaint with the EEOC and demand a notice of the right

to sue if such notice has not been given previously. This Court is not deviating from the established rule that a right to sue letter is a jurisdictional prerequisite for a Title VII action. The holding is merely that when a right to sue letter has not been issued and the fault for such non-issuance lies with the EEOC or Attorney General and not with the plaintiff who attempted to abide by the administrative procedures, a motion to dismiss for want of subject matter jurisdiction will be denied pending plaintiff's acquisition of the notice. A right to sue letter issued subsequent to the commencement of a civil action has been held to validate the pending suit. *Black Musicians of Pittsburgh v. Local 60–471, Am. Fed. M.*, 375 F.Supp. 902, 907 (W.D. Pa.1974). Should it become evident that a notice of right to sue has previously been issued or plaintiff's present demand is denied, the defendants' motion to dismiss the Title VII action may be reconsidered.

An appropriate order will issue.