Wilma REEVES, Plaintiff,

v.

AMERICAN OPTICAL COMPANY, Defendant.

No. Civ. 75–167.

United States District Court, W. D. New York.

Feb. 11, 1976.

Barbara M. Sims, Buffalo, N. Y., for plaintiff.

H. Kenneth Schroeder, Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N. Y., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

Plaintiff sues her former employer, the within-named defendant, for injunctive and monetary relief on account of defendant's allegedly discriminatory actions during the period of her employment by defendant and in terminating said employment. The discrimination is, the complaint says, aimed at plaintiff's

race and sex. Plaintiff is said to be a black female.

Jurisdiction is claimed in this Court pursuant to Sections 2000e et seq. of Title 42 of the United States Code (Title VII of the Civil Rights Act of 1964), Sections 1981, 1983 and 1988 of Title 42 of the United States Code and the Fourteenth Amendment to the United States Constitution. This statement in the complaint may well represent a "shot-gun" approach to the delineation of the power of this Court to deal with the instant subject matter. Actually and specifically, the right of action which plaintiff particularly delineates in her complaint is that which is bestowed on her by Section 2000e–5 of Title 42 and this Court's jurisdiction as to such cause of action is bottomed upon Section 1343 of Title 28. Nevertheless, the other grounds for relief are dealt with hereinbelow.

The complaint states that plaintiff filed employment discrimination charges with the United States Equal Employment Opportunity Commission ("EEOC") and against defendant March 26, 1974 and amended and expanded upon said charges May 8, 1974. By letter dated February 3, 1975, EEOC is said to have advised plaintiff of her right to sue. This complaint was filed May 5, 1975.

Defendant moves against the complaint under Rules 12(b)(1), 12(b)(6) and 8(c) of the Federal Rules of Civil Procedure. Primarily (as is shown by the contents of defendant's attorney's affidavit), it seeks an order dismissing the complaint on the grounds that the same was not timely brought within the requirements of Section 2000e–5. Defendant contends that a "determination" by EEOC was made January 31, 1975 that there was no reasonable cause to believe that plaintiff had been discriminated against because of her race and/or sex. The "determination", attached to defendant's attorney's supporting affidavit as Exhibit A, contains the following as its final paragraph:

"This determination concludes the Commission's processing of the subject charge. Should the Charging Party [plaintiff] wish to pursue this matter further, she may do so by filing a private action in Federal District Court within 90 days of her receipt of this letter and by taking the other procedural steps set out in the enclosed NOTICE OF RIGHT TO SUE."

An undated document, entitled "NOTICE OF RIGHT TO SUE", addressed to plaintiff and bearing the same "charge number" as shown at the head of the "determination", is Exhibit B to defendant's attorney's affidavit. It employs the following as its opening paragraph:

"If you want to pursue your charge further, you have the right to sue the respondent(s) named in this case in the United States District Court for the area where you live. If you decide to sue, you must do so within ninety (90) days from the receipt of this Notice; otherwise your right is lost."

Plaintiff opposes this motion for dismissal and in that connection has filed an answering affidavit by her attorney which indicates that the aforesaid determination and notice of right to sue were received by the plaintiff February 5, 1975. As noted and held in *DeMatteis v. Eastman Kodak*, 511 F.2d 306 (2d Cir., 1975), mod. on rehearing (by making its determination prospective from February 6, 1975), 520 F.2d 409 (1975), it is not the receipt of the Notice of Right to Sue (EEOC's "invention". *Id.*, 310) that commences the running of the period of 90 days within which an aggrieved person, such as the plaintiff here, must sue; rather it is the receipt of the notice that EEOC has dismissed such person's charges. (Admittedly, the United States Supreme Court has referred offhandedly to "the Commission's statutory notice of the right to sue". *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).) Under 42 U.S.C. § 2000e–5(b), EEOC shall serve the employer with a notice of the charge filed with EEOC and shall investigate the charge. "If the

Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent [employer] of its action." Subsection 2000e–5(f) provides: "If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, * * * the Commission * * * shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge * *."

■ At the outset it is pertinent to note that neither the letter nor the determination nor the notice of right to sue advises that plaintiff's charge has been "dismissed" by EEOC. The determination comes closest by its statement that it "concludes the Commission's processing of the subject charge." If it were simply added "and the same hereby is dismissed [or has been dismissed]", the statute would be tracked and adhered to. One would not be left in any uncertainty.

Admirably, EEOC removed any obscurity by concluding its determination with the advice that plaintiff can pursue her charges against defendant further by— and only by—filing a private action in Federal Court. And, because this clear pronouncement comes at the end of a two-page treatment of the matter and might not be fully read or understood by an untutored or impatient recipient, EEOC utilized a brief further document to accompany the determination. Again, the employee-recipient is advised that she must sue if the matter is to go further. But why is it not stated in one paper or the other that EEOC has dismissed the charges? Is not one who understands, herself or with advice of counsel, what the law sets forth as the triggering event entitled to be apprised precisely and clearly what has occurred?

■ Further obfuscation arises from the double-talk that EEOC presents.

The determination tells plaintiff that suit must be brought within 90 days of the receipt of "this letter"; the notice of right to sue tells her that she must sue within 90 days from the receipt of "this Notice". Apparently this plaintiff was not prejudiced by such ambiguity because both items arrived in one envelope and at one time. However, suppose that one's young nephew receives the employee's mail and hands to the addressee-employee only the determination or only the notice of right to sue, would the employee's time to commence a private action start to run? See, *Franks v. Bowman Transp.*, 495 F.2d 398 (5th Cir., 1974), reh. den. 500 F.2d 1184 (1974), cert. den. (No. 74–424), 419 U.S. 1050, 95 S.Ct. 625, 42 L.Ed.2d 644 (1974), reh. den. (No. 74–424), 420 U.S. 984, 95 S.Ct. 1417, 43 L.Ed.2d 667 (1975), cert. gr. (No. 74–728), 420 U.S. 989, 95 S.Ct. 1421, 43 L.Ed.2d 669 (1975), argued (No. 74–728) Nov. 3, 1975, 44 LW 3273. It is not the role of the courts to formulate procedures and paperwork for any executive agency, but what is present in such imprecise goings-on is of jurisdictional magnitude. If the employee's charges are dismissed by EEOC and the employee does not institute legal action by the ninetieth day after the employee's receipt of notice of such dismissal, the employee's right of action is lost. *DeMatteis v. Eastman Kodak, supra; Hall v. Kroger Baking Co.*, 520 F.2d 1204 (6th Cir., 1975); *Hinton v. CPC International, Inc.*, 520 F.2d 1312 (8th Cir., 1975); *Johnson v. Railway Exp. Agency, Inc.*, 489 F.2d 525 (6th Cir., 1973), aff'd (limited to question not pertinent here), 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Sanchez v. Trans World Airlines, Inc.*, 499 F.2d 1107 (10th Cir., 1974); *Mungen v. Choctaw, Inc.*, 402 F.Supp. 1349 (W.D.Tenn., 1975); *Taylor v. Pacific Intermountain Express Co.*, 394 F.Supp. 72, 74 (N.D.Ill., 1975); *Equal Emp. Op. Com'n v. Christiansburg Garment Co., Inc.*, 376 F.Supp. 1067 (W.D.Va., 1974). There is a temptation here—set aside in favor of practicality—to compel the plaintiff to obtain a notice of *dismissal* from EEOC before allowing this action

to proceed. See, *Bulls v. Holmes*, 403 F.Supp. 475, 480–1 (E.D.Va., 1975).

Hereinabove I have said that the 90 day period within which the employee can sue begins with the employee's receipt of the notice of dismissal. EEOC's determination and notice of right to sue also respectively speak of receipt as triggering the time period for suit. The statute itself speaks differently. If the charge is dismissed, EEOC shall *notify* the employee who may sue within ninety days after the *giving* of such notice. Nothing is said of *receipt.* In this instance, however, EEOC has given to the statute a proper and practicable interpretation. While legally Congress might have made the mailing, for example, of the notice of EEOC's dismissal the time of initiation of the 90 day period during which the employee could sue and cut off such opportunity at the end thereof, it did not do so. The employee must be notified; the notice must be given to him or her. There is nothing in the legislative history of the statute which points to any contrary construction or meaning. There must be a receiving of the intelligence that the charge was dismissed by EEOC. To notify is to make known and usually in law connotes a notice given by some person, whose duty it was to give it, to some person who was entitled to receive it or be notified. Notice is given when it is communicated to another. While such lacks the precision of other arrangements (*Franks v. Bowman Transp., supra*), it is the proper interpretation of this statute and the authorities so hold. *Franks v. Bowman Transp., supra; Plunkett v. Roadway Express, Inc.,* 504 F.2d 417 (10th Cir., 1974); *Miller v. International Paper Company,* 408 F.2d 283, 287 (5th Cir., 1969); *Whitfield v. Certain-Teed Products Corp.,* 389 F.Supp. 274 (E.D.Mo., 1974); *Holly v. Alliance Rubber Co.,* 380 F.Supp. 1128 (N.D.Ohio, 1974). (In *De-Matteis v. Eastman Kodak, supra,* the Court speaks of *the date* of the dismissal letter as initiating the period during which suit might be instituted but it is respectfully submitted that the attention

of the Court of Appeals was not focused on such facet of the case.)

If, in fact, the determination and notice of right to sue were received by the plaintiff on or after February 4, 1975 (the 35th day in the calendar year of 1975) the action was timely launched (May 5, 1975 being the 125th day of said year). If the determination and notice of right to sue were received on or before February 3, 1975 the action was not timely brought. In these circumstances (which relate to the jurisdiction of this Court), the plaintiff does not have the benefit of the rule which obtains in some circumstances—namely, that when the last day of a stated period falls on a Sunday (e. g., May 4, 1975) one facing a period of limitations has the benefit of the next business day.

I am asked to evaluate and determine this jurisdictional question on the basis of attorneys' affidavits when, in fact, the attorneys can speak only from information and belief as each has obtained basic data from his and her respective clients. The affidavit of Mrs. Sims, plaintiff's attorney, ambivalently states that the complaint was filed on May 2, 1975 and on May 5, 1975 and argues that, regardless of which day it was filed on, it was within the ninety day period. There seems to be no such ambiguity regarding the facts; the complaint was filed with the Clerk of this Court May 5, 1975 at 12:42 p. m. and that is the time the action was brought and commenced.

The plaintiff has the burden of proving that the action was timely commenced and that this Court has jurisdiction. Normally an attorney's affidavit would not be sufficient unto this purpose unless the attorney had personal knowledge of the critical fact—namely, the day of the receipt by the plaintiff of EEOC's notice of dismissal. The affidavit does however surmount this normal insufficiency or incompetency by having attached to it as exhibits 1, 2 and 3, respectively, a photostatic copy of a purported letter from one Kenneth M. Davidson, District Counsel of EEOC, dated February 3, 1975 and addressed to

the plaintiff at an address in Buffalo, a determination dated January 31, 1975 and entitled in the same case or charge number as that which is referred to in said letter, and an undated EEOC notice of right to sue addressed to plaintiff at that same address. If exhibit 1 truly is a copy of the letter (it certainly is not a photocopy of an original letter) sent to the plaintiff by EEOC, there is a presumption to the effect that the letter and its referenced enclosures were put in the United States mails on or after its date (February 3, 1975), and that they would not have been received by the plaintiff through the United States mails prior to at least the following day or February 4, 1975. On the basis of this presumption, which to me is sufficient to override the normal inadequacy of the attorney's affidavit, I am satisfied that February 4th would have been the earliest day on which the plaintiff could have received EEOC's notice of dismissal and that an action commenced May 5, 1975 was timely instituted.

The question of jurisdiction is one that can be raised by either party or by the Court at any point in the litigation. If it is not shown by the plaintiff and by better evidence at some point in these proceedings that the notice was received on or after February 4, 1975, the cause is always subject to being dismissed for lack of jurisdiction. As stated earlier, the plaintiff has the burden of proving facts necessary to such jurisdiction.

Having in mind that my decision herein as above stated necessitates defendant's going forward with other motions or its answer and discovery that might be burdensome, I do accord to the defendant, if it wants to avail itself of this, an opportunity to put the plaintiff to some preliminary taking of evidence in open court to satisfy this jurisdictional requirement. If the defendant wishes to avail itself of this threshold right, it should give appropriate notice to the court and to the plaintiff's attorney on or before February 20, 1976. If such notice is not given by that time, the case

and its motions, pleadings and discoveries will go forward as usual, with the defendant's answer to be served not later than the 20th day after the filing of this Order. If the notice is timely given, proceedings will be held in abeyance pending my further determination.

The motion to dismiss the cause of action under 42 U.S.C. §§ 2000e et seq. herein for lack of subject matter jurisdiction due to untimely institution hereby is denied without prejudice.

The complaint herein purports also to set forth causes of action under Amendment XIV to the Constitution of the United States and §§ 1981, 1983 and 1988 of Title 42 of the United States Code. Only Section 1 of Amendment XIV comes close to pertinency and even that gains the plaintiff nothing. There is nothing alleged in the complaint which implies any State's involvement in inflicting the claimed damages upon plaintiff. Consequently, the cause of action premised on this Amendment must fail and hereby is dismissed.

The same disposition hereby is ordered as to any cause of action bottomed on 42 U.S.C. § 1983 for nothing in the complaint implies any deprivation of any of the plaintiff's rights, privileges or immunities under color of any statute, ordinance, regulation, custom or usage of any State.

Section 1981 of Title 42 of the United States Code similarly is not applicable here. *DeMatteis v. Eastman Kodak, supra,* prima facie holds to the contrary but therein was presented a claim of discrimination in employment due to the employee's having sold his property to a black person. Section 1981 does guarantee to all persons the same right to make contracts as is enjoyed by white persons. *This complaint shows nothing* of any such deprivation.

Section 1988 of Title 42 of the United States Code is procedural and will apply to the ongoing cause of action under 42 U.S.C. §§ 2000e et seq. It cannot, by itself, be the basis for a cause of action.