J. C. REDD, et al., Plaintiffs,

v.

A. C. LAMBERT, et al., Defendants.

No. GC 81–63–WK.

United States District Court,
N. D. Mississippi,
Greenville Division.

Sept. 17, 1981.

James L. Robertson, Oxford, Miss., John L. Maxey, Jackson, Miss., for plaintiffs.

Bill Allain, Atty. Gen., Jackson, Miss., for defendants.

## MEMORANDUM OPINION

KEADY, Chief Judge.

This action was filed by plaintiffs to recover attorney fees incurred in state court proceedings wherein plaintiffs obtained all requested relief except attorney fees. The parties agree that there is no genuine issue of any material fact, and the case is before us on cross motions for summary judgment.[1]

On November 4, 1977, J. C. Redd and other plaintiffs, as owners of taxable property in 12 Mississippi counties, instituted an action in the Chancery Court of Hinds County seeking to enjoin the Mississippi State Tax Commission from approving the assessment rolls of any county until it equalized the assessment rolls between the counties. The bill of complaint raised both federal and state claims. The federal claims alleged violations of the equal protection clause of the fourteenth amendment as well as 42 U.S.C. § 1983, while the state claims alleged violations of the uniformity and equality clause of § 112 of the Mississippi Constitution of 1890 and of various Mississippi statutes regarding ad valorem taxation.

In its memorandum opinion dated January 5, 1979, the chancery court found for plaintiffs on both federal and state grounds, and on April 4, awarded attorney fees under 42 U.S.C. § 1988 in the amount of $58,000. On appeal, the Mississippi Supreme Court affirmed, solely on the basis of state law, the granting of general injunc-

tive relief. *State Tax Commission v. Fondren*, 387 So.2d 712 (Miss.1980). The allowance of attorney fees was reversed. While agreeing that state courts have jurisdiction of § 1983 actions concurrent with federal courts, the state supreme court stated that "a state court entertaining a 1983 action has no more jurisdiction than a federal district court." *Id.* at 723. Since a federal court action under § 1983 would be barred by the Tax Injunction Act, 28 U.S.C. § 1341,[2] the supreme court concluded that "the section 1983 cause of action must fail in the state court because it would have failed if it had been filed first in federal court." *Id.* The United States Supreme Court denied certiorari on April 6, 1981, *Redd v. Lambert*, —— U.S. ——, 101 S.Ct. 1757, 68 L.Ed.2d 237, and this action, seeking only an award of attorney fees, was filed on April 17.

Plaintiffs maintain that since the Mississippi Supreme Court implicitly dismissed the § 1983 claim for lack of subject matter jurisdiction, it may be adjudicated by us in this original action. Furthermore, plaintiffs argue that the action of the supreme court in holding that it did not have jurisdiction under § 1983 indicates that there is no "plain, speedy and efficient remedy" in state court and that, therefore, § 1341 does not operate to bar this action.

Defendants, however, contend that we lack jurisdiction to provide the relief requested in this action. For reasons that follow, we agree with defendants' position and dismiss the action.

Initially we note the following from a recent Fifth Circuit opinion:

A federal district court, as a court of limited original jurisdiction, lacks power to review, modify or nullify a final order of a state court. Nor can a party, aggrieved by a judicial decision of a state's highest court, invest a lower federal court

---

1. We summarily reject defendants' claim that this case should be transferred under 28 U.S.C. § 1404(a). Since this case will be disposed of on a question of law, it is clear that any forum is as convenient as another.

2. The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

with such jurisdiction by clothing his or her grievance in the garb of § 1983 and alleging that the decision of the state court deprived him or her of constitutionally protected rights or interests. A party seeking relief from such an allegedly unconstitutional action by a state court may seek review in only one federal court—the United States Supreme Court. *Dasher v. Supreme Court of Texas*, 650 F.2d 711 (5 Cir. 1981) (citations omitted). Try as they might to couch this action in terms of an original one, the fact remains that plaintiffs actually seek to nullify the judgment of the Mississippi Supreme Court. Only the United States Supreme Court had the power to overrule the state court's action; that Court having declined to do so, plaintiffs' litigation came to an end.

■ Plaintiffs also argue that since the Mississippi Supreme Court indicated that it did not have jurisdiction over plaintiffs' § 1983 claims, we must exercise such jurisdiction since the state courts no longer provide a "plain, speedy and efficient remedy" for the restraint of state tax collection as required by 28 U.S.C. § 1341 as a prerequisite for lack of federal court jurisdiction. We believe that plaintiffs have misconstrued the meaning of "plain, speedy and efficient remedy." The Fifth Circuit's opinion in *Bland v. McHann*, 463 F.2d 21, 29 (5 Cir. 1972) is pertinent:

> Taxpayers' complaints that the Mississippi remedy is inadequate appear in reality to be an argument that a *better* remedy would be available in the federal courts. Neither the judicial decisions nor § 1341 requires that the state remedy be the best remedy available or even equal to or better than the remedy which might be available in the federal courts. Section 1341 merely requires that the state remedy be 'plain, speedy and efficient.'

(Emphasis in original.) All that is required by § 1341 is "a state court remedy that meets certain minimal *procedural* criteria." *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 512, 101 S.Ct. 1221, 1228, 67 L.Ed.2d 464, 473 (1981) (emphasis in original). There can be no doubt that the Mis-

sissippi procedure allowed plaintiffs to raise all claims, both state and federal; aggrieved by the disposition of any portion of their federal claims, plaintiffs' sole avenue for redress is in the United States Supreme Court. Indeed, the adequacy of the state court remedy is evident from the fact that plaintiffs obtained the injunctive relief requested. We do not believe that the exclusion of attorney fees vitiates the adequacy of the state court procedure. *Cf. Rosewell, supra*, at 515, 101 S.Ct. at 1230, 67 L.Ed.2d at 475 (disallowance of interest under state law does not render state remedy inadequate since plaintiffs "could assert this right in the state court proceeding"). Since state law allows for a full hearing and judicial determination at which plaintiffs may raise any and all constitutional objections to the assessment of ad valorem taxes, the § 1341 requirement has been met.

■ Furthermore, and apart from principles of comity and federalism, we conclude that the complaint does not state a cause of action upon which jurisdiction may be based. It is well established that § 1988 is procedural and does not alone give rise to an independent cause of action. *E. g., Taylor v. Nichols*, 558 F.2d 561, 568 (10 Cir. 1977), *Reeves v. American Optical Co.*, 408 F.Supp. 297, 302 (W.D.N.Y.1976). Furthermore, since § 1988 does not create a cause of action for deprivation of constitutional rights, it does not allow for jurisdiction under 28 U.S.C. § 1343(3). *Harding v. American Stock Exchange*, 527 F.2d 1366 (5 Cir. 1976). The decision in *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980) does not modify these settled principles. In *Gaslight*, the Court allowed attorneys fees for administrative proceedings which were necessary in order to prevail in court. As the concurring opinion of Justice Stevens makes clear, the litigation in that case "was commenced in order to obtain relief for respondent on the merits of her basic dispute with petitioners, and not simply to recover attorney's fees." *Id.* at 72, 100 S.Ct. at 2035, 64 L.Ed.2d at 739.

■ Since § 1988 is merely procedural and not substantive, plaintiffs' claim that it constitutes a "law" for the violation of which § 1983 provides a remedy must fail. See *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). The pertinent language of § 1988 clearly establishes that it is not a substantive law which defendants have violated, or in fact could violate:

> In any action or proceeding to enforce a provision of section [ ] ... § 1983 ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

In sum, we conclude that this court lacks jurisdiction to consider plaintiffs' claims. Judgment will be entered accordingly.