# CIRCUIT COURT OF THE CITY OF NORFOLK

Clara Forgette

v.

Bryce H. Irwin
and Dorothy Y. Collingsworth

Case No. (Law) L98-1675

David Bernheim

v.

Bryce H. Irwin
and Dorothy Y. Collingsworth

Case No. (Law) L98-1677

October 7, 1998

BY JUDGE MARC JACOBSON

Suits in each of the above-captioned cases were filed on June 30, 1998, in the Clerk's Office of the Circuit Court of the City of Norfolk, Virginia, and in each action the Plaintiff alleges that the cause of action arose on June 30, 1996. The Defendants in each action have filed a Plea of Statute of Limitations and seek summary judgment, alleging that "the cause of action set forth in the Motion for Judgment … did not accrue to plaintiff at any time within the two years next preceding the commencement of this action and is, therefore, barred by the applicable Statute of Limitations pursuant to the 1950 Code of Virginia, as amended."

Virginia Code § 8.01-243 states that "every action for personal injuries … shall be brought within two years after the cause of action accrues." The Code further provides that a cause of action accrues on the date the injury giving rise to the cause of action is sustained. *See id.* § 8.01-230. There is no specific

statute in Virginia that enunciates or provides criteria to compute when the two-year statute of limitations period commences.

Virginia Code § 1-13.3 states, "when a statute or rule of court requires a notice to be given or any other act to be done within a certain time after any event or judgment, that time shall be allowed in addition to the day on which the event or judgment occurred." *Id.* § 1-13.3. Rule 6 of the Federal Rules of Civil Procedure is similar to the aforesaid Virginia Code § 1-13.3 and provides:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

Fed. R. Civ. P. 6(a). Furthermore, many federal courts have held that Rule 6 applies when determining whether the statutes of limitations for particular suits have run. *See e.g., McMillon v. Budget Plan of Va.*, 510 F. Supp. 17 (4th Cir. 1980) (holding that Rule 6 applied to the computation of the statute of limitations for a suit involving the Truth in Lending Act); *Bulls v. Holmes*, 403 F. Supp. 475 (4th Cir. 1975) (holding that Rule 6 applied to the computation of the statute of limitations for a suit involving personal injury claims).

In *Bulls*, the plaintiff filed a racial discrimination suit on June 26, 1975, based on an act that allegedly occurred on June 26, 1973. *See* 403 F. Supp. at 477. The defendant argued the case was barred by the statute of limitations. *See id.* at 477-78. The United States District Court for the Eastern District of Virginia held that the governing statute of limitations was that used by the Virginia state courts in personal injury cases. *See id.* at 478. The court further held that, pursuant to Rule 6(a) of Federal Rules of Civil Procedure, the plaintiff could have filed from June 27, 1973, one day after the alleged incident, until June 26, 1975. *See id.*

As the federal court did in *Bulls*, this Court must determine how to compute the running of the Virginia's statute of limitations for personal injury suits. Although in *Bulls* the federal court applied Rule 6(a) to determine when the statute of limitations ran, Rule 6(a) is similar to Code § 1-13.3. Thus, this Court could consider *Bulls* and Rule 6(a) as support for holding that the Plaintiffs had from July 1, 1996, until June 30, 1998, to file their claims.

The cause of action arose or occurred on June 30, 1996, and considering and relying upon § 1-13.3 of the Code of Virginia and the similarity of Rule 6 of the Federal Rules of Civil Procedure referred to above, the Court concludes and rules that the date of the cause of action, June 30, 1996, is not

to be computed in determining the initiation of the two year period referred to in Virginia Code § 8.01-243 and, accordingly, the Plaintiff in each of the above-captioned actions had from July 1, 1996, the day after the accident, until and through June 30, 1998, to bring and file an action for personal injuries. Accordingly, the Court concludes and finds that the above captioned actions are not barred by the Statute of Limitations and the Court denies the Motion for Summary Judgment filed by the Defendants in each of the actions.