**Jesse L. ALLEN and Constance G. Allen, Appellants,**

v.

**Lee A. GIFFORD and Charles R. Samuels, Appellees.**

No. 72–1234.

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1972.

Decided June 21, 1972.

Filmore E. Rose, Norfolk, Va. (Stanley E. Sacks and Sacks, Sacks & Tavss, Norfolk, Va., on brief), for appellants.

Norris E. Halpern, Norfolk, Va. (Gordon E. Campbell and Campbell, Lustig & Hancock, Norfolk, Va., on brief), for appellees.

Before BUTZNER, RUSSELL, and FIELD, Circuit Judges.

PER CURIAM:

Jesse L. Allen and Constance G. Allen appeal from an order of the district court which held that their complaint charging racial discrimination in the sale of real estate in violation of 42 U.S.C. § 1982 was barred by Virginia's one-year statute of limitations. The complaint, which seeks compensatory and punitive damages, alleges that the Allens suffered humiliation, emotional stress, and anxiety when the defendants initially refused to sell them a house. Later the Allens succeeded in purchasing a home in the subdivision the defendants were developing.

While this appeal was pending, we held, in Almond v. Kent, 459 F.2d 200 (4th Cir., 1972), that the state's two-year statute applies to actions brought under 42 U.S.C. § 1983 for personal injuries. Both § 1982 and § 1983 were enacted to redress the infringement of civil rights. Both allow the recovery of damages for personal wrongs. We conclude, therefore, that the reasons stated in *Almond* for applying Virginia's two-year statute of limitations to actions under § 1983 make the same limitation period appropriate for personal injury suits based on § 1982.

Accordingly, the judgment of the district court is vacated, and this case is remanded for further proceedings. Each party shall bear his own costs.