**Mrs. H. C. Fitzroy SITWELL, Plaintiff,**

**v.**

**Dr. S. A. BURNETTE et al., Defendants.**

**Civ. A. No. 70–C–51–L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

Aug. 14, 1972.

President of Central Virginia Community College (CVCC), and others.

The gravamen of this complaint concerned a letter to Mrs. Sitwell from Dr. Burnette, dated November 13, 1968, which related to non-reappointment of Mrs. Sitwell as a faculty member at CVCC.

A motion to dismiss was filed on behalf of the defendants based on the ground, among others, that recovery upon the claims set forth in the complaint was barred by the statute of limitations. In an order dated March 23, 1971, this court sustained the motion to dismiss on the ground that the action was barred by the statute of limitations. In that order the court held:

> In its opinion in Almond v. Kent, 321 F.Supp. 1225 (W.D.Va.1970), this court held that the proper limitation period in Virginia for an action alleging deprivation of civil rights is one year. *See* Va. Code Ann. § 8–24 (Repl. Vol. 1967). In the case at bar the plaintiff primarily complains of a letter dated November 13, 1968, but this action was not filed until November 13, 1970, two years later. As to this factual allegation, then, the plea of the statute of limitations is good.

> It appears that the other incidents complained of occurred in 1968, but the complaint is so vague that certainty as to this assumption is impossible. On the chance that the plaintiff complains of some conduct that occurred no earlier than November 13, 1969, leave of court is granted so that she may amend her complaint to allege in detail the facts sustaining her claim and in what respects her civil rights have been denied by the defendants.

With the court's leave, plaintiff subsequently filed an amended complaint, on September 8, 1971. The amended complaint claims that the defendants violated or conspired to violate plaintiff's civil rights by failing to renew her contract to teach at CVCC. Jurisdiction was claimed under 28 U.S.C.A. § 1343 and 42 U.S.C.A. §§ 1983 and 1985.

F. Guthrie Gordon, III, Lowe & Gordon, Charlottesville, Va., for plaintiff.

William B. Broaddus, Asst. Atty. Gen., Richmond, Va., for defendants.

## OPINION AND JUDGMENT

DALTON, District Judge.

Plaintiff commenced this action when she filed a complaint on November 13, 1970, against Dr. S. A. Burnette, then

The defendants again filed a motion to dismiss the amended complaint on the ground, among others, that the claims alleged in the amended complaint are barred by the applicable statute of limitations.

Plaintiff, a 63 year old female school teacher when this action was brought, was hired in the summer of 1967 to teach English and History at CVCC, Lynchburg, Virginia, for the academic year 1967–68. She alleges that during the school year she carried out her work in exemplary fashion, performing many extra duties for the school.

On March 4, 1968, plaintiff alleges she received a letter dated February 28, 1968, from defendant Dr. Don K. Wright, then academic dean of CVCC, advising her that her contract would not be renewed for the 1968–69 academic year because her "operational proclivities do not meet our institutional and academic needs." On March 21, 1968, Dr. Wright again advised Mrs. Sitwell that the college would not renew her contract. Plaintiff's contract with CVCC terminated on June 15, 1968.

Mrs. Sitwell appealed this decision to Dr. Burnette, President of the college, who, in a letter dated November 13, 1968, upheld the decision not to renew plaintiff's contract. The amended complaint refers to a promise of future board consideration but no further action occurred.

The board affirmed the non-renewal of the contract when Dr. Burnette presented the matter to the board. There is no allegation suggesting that any facts occurred after November 13, 1968, which are relevant to plaintiff's claim.

Plaintiff alleges that her contract to teach was not renewed because she encouraged black students in their academic and extracurricular activities. She also alleges that it was not renewed because of criticism of her teaching methods. Plaintiff also alleges that her contract was not renewed because of her age and sex. Plaintiff further alleges that she was denied an effective appeal of the school's decision not to renew her contract. She claims that she had a right to a personal appearance before the local board of the college, and denial of this violated state law, college rules and specific promise of the President of the college. Plaintiff claims $200,000 in compensatory and punitive damages for violation of her civil rights.

The issue for consideration by this court at this time is whether plaintiff's claim was barred by the effective statute of limitations. The court will also touch on the procedure for administrative appeals which was in effect at the time of Mrs. Sitwell's dismissal.

The guiding case concerning statute of limitations for civil rights cases arising under § 1983 is Almond v. Kent, 459 F.2d 200 (4th Cir. 1972), a case involving alleged brutality growing out of arrest and confinement in Augusta County, in which this court applied the one year statute of limitations to the civil rights claim and the Fourth Circuit reversed and remanded the earlier dismissal of the complaint by this court (Almond v. Kent, 321 F.Supp. 1225 (W.D.Va.1970). While the appeal to the Fourth Circuit was pending, this court relied on its holding that the one year statute of limitations was the proper period, and so stated this in its order dated March 23, 1971. However, the Fourth Circuit has now held that the two-year period for violations of constitutional rights under § 1983 applies. After considering § 8–24 of the Code of Virginia, the Virginia statute governing limitations [1], the

1. 2 Va.Code Ann. § 8–24 (1957 Repl. Vol.):

Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued.

Fourth Circuit stated at pp. 203–204 of 459 F.2d:

"We agree that, to the extent that Almond's § 1983 complaint alleges a violation of his constitutional rights resulting in personal injuries of the type that would be actionable at common law, the Virginia two-year period unquestionably applies. But this is so, not because there was a right of recovery at common law but because there was a violation of a constitutional right not to be beaten. We think it follows that the Virginia two-year period applies to all other rights which may be redressed under § 1983 by the recovery of money damages. Section 1983 creates a federal cause of action, unknown at common law, '[for] the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States] . . . ' . . . Under Virginia law it is the object of litigation which determines the applicability of a statute of limitations not the form in which suit is instituted . . . Hence, our conclusion that the Virginia two-year period of limitations, applying to '*every* action for personal injuries' (emphasis added), applies generally to § 1983 suits."

Conceding that the two-year statute of limitations applies to the present case, the statute began to run when the right of action occurred. Mrs. Sitwell's amended complaint is based on the refusal of the defendants to permit her to continue her teaching position beyond the 1967–68 school year. This determination was initially made prior to March 4, 1968, when Dr. Don Wright first communicated with Mrs. Sitwell regarding her employment. It can be said that the cause of action arose on March 4, 1968, when Mrs. Sitwell was advised by mail that her contract would not be renewed. ■ Defendants contend that, at the latest, plaintiff's right of action occurred in June, 1968, at the termination of her existing contract, and by filing her complaint on November 13, 1970,

plaintiff was outside the two-year statute of limitations. The limitation begins to run from the moment that the right of action occurs; and such right occurs when the tort is committed and a cause of action exists. It is the occurrence of the offense which marks the beginning of the running of the statute and the date of consequential injuries is immaterial. Barnett v. Louisville and Nashville Railroad Company, 407 F.2d 1333 (6th Cir. 1969); Sides v. Richard Machine Works, Inc., 406 F.2d 445 (4th Cir. 1969).

In an affidavit, dated August 3, 1972, Dr. S. A. Burnette stated that there was neither a statutory nor an administrative remedy for non-renewal of a contract of employment of instructors in the community colleges in 1968. He further states that "The first policy of the State Board of Community Colleges on teacher's appeals procedures became effective in January, 1969, months after Mrs. Sitwell's employment by Central Virginia Community College ceased."

The only existing appellate procedure at the time of plaintiff's dismissal appears to have been an informal appeal to a superior, which was permitted when the situation required it. Although the plaintiff alleges that she was denied an effective appeal, she does not allege that she exhausted her administrative remedies prior to bringing this action. Dr. Burnette offered to arrange a hearing for Mrs. Sitwell before the local college board, but Mrs. Sitwell never requested that he do so, and after he presented the matter for consideration the board affirmed the non-renewal.

■ "Where an administrative remedy is provided *by statute*, such remedy ordinarily must be exhausted before a litigant may resort to the courts." (Emphasis added). 73 C.J.S. Public Administrative Bodies and Procedure § 41 (1951). West v. Bank of Commerce & Trusts, 167 F.2d 664, 667 (4th Cir. 1948). In this instance no statutory remedy for teacher contract non-renewal existed in 1968. It has also been said that "although exhaustion of adminis-

trative remedies is ordinarily to be encouraged, and, indeed, insisted upon, the doctrine is one of comity and not power." United States ex rel. Tobias v. Laird, 413 F.2d 936, 939 (4th Cir. 1969). Of course, the requirement that a plaintiff exhaust his administrative remedies presupposes an effective remedy. Marsh v. County School Board of Roanoke County, Virginia, 305 F.2d 94, 98 (4th Cir. 1962). As stated in Dr. Burnette's affidavit, there was neither statutory nor administrative remedy for non-renewal of teacher's contracts in 1968.

In determining when a right of action occurred in this case, courts generally prefer administrative remedies to be exhausted when such remedies are furnished by statute, or perhaps, even by the internal written guidelines or regulations of an organization. There is authority to the effect that in civil rights actions, where federal courts have original jurisdiction, relief may not be denied because an administrative remedy, which is questionable or inadequate, is not exhausted prior to resorting to a federal court. McNeese v. Board of Education for Community Unit School District 187, Cahokia, Illinois, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963). That case, like the instant one, was brought under 42 U.S.C.A. § 1983. The petitioners in *McNeese* had inadequate and ineffective administrative remedies. The plaintiff here had no administrative remedy whatsoever. It would appear, then, that following the logic of *McNeese,* relief by a federal court is even more exigent in the instant circumstances. Furthermore, it appears that there is no authority that suggests that an informal, unwritten and developing practice of administrative appeal, which exists in the instant case, need be looked upon by a court as an administrative remedy which must be exhausted as a condition precedent to court action.

■ Considering the law and applying it to the facts of this case, it can only be concluded that plaintiff's cause of action arose, at the latest, on the date of her termination on June 15, 1968. Since no administrative remedies for non-renewal or disciplinary action had been deliberated, much less codified by the Department of Community Colleges, it cannot seriously be contended that her cause of action arose on November 13, 1968, when she received the letter from Dr. Burnette substantiating the non-renewal decision, or at some future date.

The plaintiff contends in her amended complaint that her First and Fourteenth Amendment rights were violated: as a result of her contract not being renewed, she was inhibited in her encouragement of black students, she was terminated as a consequence of her teaching methods, and her competency was judged on the basis of age and sex. If, indeed, these allegations occurred, and if they do constitute deprivations of her civil rights, then they occurred in June, 1968, when her contract expired, if not before. Thus, Mrs. Sitwell's right of action occurred on that date and the statute of limitations began to run on that date. When she filed her action on November 13, 1970, her action was time-barred because of the two-year statute, which Almond v. Kent, *supra,* 459 F.2d 200 held applicable to all § 1983 cases.

Accordingly, this court grants defendants' motion to dismiss and dismisses plaintiff's amended complaint for failure to comply with the appropriate statute of limitations. Each party shall bear their own costs.