**Leslie D. BROWN et al., Plaintiffs,**

**v.**

**BLAKE & BANE, INCORPORATED, Defendant.**

**Civ. A. No. 75–0598–R.**

United States District Court, E. D. Virginia, Richmond Division.

Feb. 25, 1976.

Parker E. Cherry, Purcell, Cherry & Kerns, Richmond, Va., for plaintiffs.

Samuel W. Hixon, III, William H. Schwarzschild, III, Williams, Mullen & Christian, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs, black citizens of the Commonwealth of Virginia, bring this action under 42 U.S.C. § 1982 to redress alleged racial discrimination in the sale of housing. Defendant is a corporation engaged in the sale of real estate. Plaintiffs seek both monetary and injunctive relief. Jurisdiction is attained pursuant to 28 U.S.C. § 1343. The matter comes before the Court on defendant's motion to dismiss the action as time barred, and plaintiffs' response thereto.

Adopting, as the Court must do for purposes of this motion, plaintiffs' allegations as factual, the file reflects as follows:

Under date of March 31, 1974, plaintiffs visited a housing subdivision in Hanover County, Virginia, where they inspected homes listed by defendant for sale and submitted an offer as to one of the homes. This offer was rejected by defendant. On August 13, 1974, plaintiffs filed a housing discrimination complaint with the Department of Housing and Urban Development alleging that defendant's rejection of plaintiffs' offer was racially motivated. On August 29, 1975, plaintiffs filed an action in federal court under the Fair Housing Act, 42 U.S.C. § 3610. This action was subsequently dismissed as being untimely filed. See *Brown v. Blake & Bane, Incorporated,* 402 F.Supp. 621 (E.D.Va. 1975). Thereafter, plaintiffs filed this action pursuant to 42 U.S.C. § 1982.

Defendant asserts that this action is time barred by Virginia Code § 8–24 (Supp.1975). All parties are in agreement that the Court must look to Virginia law to ascertain the appropriate limitation. Cf. *U.A.W. v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); *O'Sullivan v. Felix,* 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); *Almond v. Kent,* 459 F.2d 200 (4th Cir. 1972). Both parties also agree that the applicable limitation period is to be found in § 8–24 of the Code of Virginia as amended.

In *Allen v. Gifford,* 462 F.2d 615 (4th Cir. 1972) the United States Court of Appeals for the Fourth Circuit held that a two-year limitation period was applicable to actions arising under 42 U.S.C. § 1982 on the basis of Code of

Virginia § 8–24 (1950). This holding was predicated on an earlier opinion which held the same provision applicable to actions arising under 42 U.S.C. § 1983 and a similarity between the two civil rights statutes. See *Almond v. Kent*, 459 F.2d 200 (4th Cir. 1972). Subsequent to the *Almond v. Kent* and *Allen v. Gifford* opinions, the Virginia Legislature amended the Code of Virginia § 8–24 (Supp.1975) to read as follows:

"Notwithstanding any other provision of law to the contrary, every action brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, shall be brought within one year next after the right to bring the same shall have accrued."

Defendant contends that the amended provision applies to actions arising under § 1982 as well as those arising under § 1983. Defendant contends that the reasoning of the Court in *Allen v. Gifford* supports this position. Plaintiffs, on the other hand, argue that the failure to specifically include § 1982 in the Virginia statute as amended evidences a legislative intent to retain the two-year limitation period as to those actions.

Without adopting plaintiffs' legislative intent analysis, the Court agrees that the applicable limitation period for this action is two years. This Court has previously held unconstitutional the one year provision contained in the Virginia statute as being an impermissible burden upon and discriminating against the assertion of a federally created right. *Van Horn v. Lukhard*, 392 F.Supp. 384 (E.D. Va.1975). The Court in *Van Horn v. Lukhard, supra*, therefore, applied the two-year period sanctioned in *Almond v. Kent*, 459 F.2d 200 (4th Cir. 1972). The Court's views have not changed from those expressed in the *Van Horn* case, and concludes that the appropriate limitation period for claims arising under 42 U.S.C. § 1982 remains two years. Cf. *Allen v. Gifford*, 462 F.2d 615 (4th Cir. 1972).

As this action was commenced within two years of the alleged discriminatory event, defendant's motion to dismiss must be denied. The fact that plaintiffs are time barred from asserting claims under the Fair Housing Act is of no consequence to this litigation as rights conferred under that statute are distinct from those created by 42 U.S.C. § 1982. *Hickman v. Fincher*, 483 F.2d 855 (4th Cir. 1973).

An appropriate order will issue.