**David L. HOWARD et al.**

v.

**ALUMINUM WORKERS INTERNATIONAL UNION et al.**

**Civ. A. No. 76–0205–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 30, 1976.

J. Thomas McGrath, Richmond, Va., for plaintiffs.

Donald M. Murtha, Washington, D. C., for defendants.

## MEMORANDUM

WARRINER, District Judge.

Defendant's motion for summary judgment raises the question of what statute of limitation applies to plaintiff's Count I charging unfair representation. Similarly, the motion raises the question of which statute of limitation applies to the Count II charge of a violation of plaintiff's right to speak freely at union meetings guaranteed by 29 U.S.C. § 411(a)(2). The motion for summary judgment also deals with certain releases executed by three of the two dozen or so plaintiffs in this cause.

## COUNT I

As to Count I, defendant contends that the two-year Virginia tort limitations set forth in Va.Code Ann. § 8–24 (Repl.Vol. 1957) controls. Plaintiff believes that the five year contract statute of limitations under Va.Code Ann. § 8–13 or the five year survivability limitation under Va.Code Ann. § 8–24 are applicable. There is no decision from the Fourth Circuit or from the Supreme Court directly on point. Other circuits have reached differing conclusions. *See e. g. Butler v. Local 823,* 514 F.2d 442 (8th Cir. 1975); *De Arroyo v. Sindicate De Trabajodores Packinghouse,* 425 F.2d 281 (1st Cir. 1970); *Sanderson v. Ford Motor Company,* 483 F.2d 102 (5th Cir. 1973); *Abrams v. Carrier Corporation,* 434 F.2d 1234 (2nd Cir. 1970).

The Eighth Circuit in reaching their conclusions as to the applicable statutes have amply and well stated the grounds upon which the several decisions were made. It would add nothing to the body of the law for this Court to repeat or reiterate the bases here. The Court is pursuaded, however, by the reasoning and law set forth in the opinions of the First Circuit and the Fifth Circuit. Moreover, the Court is guided by the reasoning of the Fourth Circuit in *Almond v. Kent,* 459 F.2d 200 (4th Cir. 1972). There, in an analogous § 1983 case the Fourth Circuit determined that the interest invaded was essentially a "personal injury" governed by the two-year § 8–24 limitation. This Court cannot distinguish between the legal right and interest for which damages were sought in *Almond* from the legal rights and interests for which damages are sought in the instant case.

The Court has read with care the decision in *Coleman v. Kroger Company,* 399 F.Supp. 724 (W.D.Va.1975). While the interest for which damages were sought in *Coleman* on the surface appears to be identical with the interest sought to be vindicated here, the Court's analysis in *Coleman* focuses on plaintiff's "objective expectation . . . that he would receive a pension . . . ." The Court interpreted this to be a "property right" and applied the Virginia five-year statute of limitations under § 8–24.

This Court, as above noted, concludes that the right to fair representation is not of the essence of a property right but its breach is of the essence of a personal injury. Accordingly, the two-year statute of limitations will be applied.

Plaintiff, in its brief, conceded that if a two-year statute of limitations is applied then all of Count I, paragraph eight, is barred and all of Count I, paragraph nine, is barred except subparagraphs (e) and (h). An order will issue granting defendant partial summary judgment as to Count I, with the exception of subparagraphs (e) and (h) of paragraph nine in said Count I.

Plaintiff Paul Tedder is the subject of the allegations set forth in Count I, paragraph nine (h), and the action may continue as to him. One Peggy Tedder is the subject of the grievance alleged in Count I, paragraph nine (e). Plaintiffs having purported to bring this action on behalf

of a class, it may be that Peggy Tedder did not join as a named plaintiff on the assumption that her interests would be protected as a member of the class. No class has been designated in this action and it is not clear at this time that it would be proper or appropriate to designate a class. Accordingly, leave will be granted plaintiffs to file an amended complaint or through otherwise appropriate pleading to bring the said Peggy Tedder in as an additional party plaintiff.

## COUNT II

■ Count II involves the question of an appropriate statute of limitations to apply to the free speech rights secured to a member of a labor union under the provisions of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 411(a)(2). The complaint alleges that "from 1972 to 1975" plaintiffs David L. Howard, Herbert W. Cumbea and Douglas R. Branch were not permitted at union meetings to discuss certain matters of interest and concern to the union membership.

Again, there is no controlling Fourth Circuit decision nor is there a controlling Supreme Court decision specifying the statute of limitations applicable to a violation of this right in Virginia. As with the right of fair representation, the right of free speech under LMRDA is a statutory right and its denial is in the nature of a personal injury. The same considerations which lead to the adoption of the two-year statute of limitations under Va.Code Ann. § 8–24 dictate that the two-year statute be applied to the free speech violation, also. Accordingly, all violations of free speech rights occurring prior to 12 May 1974, a date two years before the filing of the complaint herein, are barred by the statute of limitations.

## RES JUDICATA

■ Defendants also argue that the claims of plaintiffs Cumbea, Howard and Branch are barred by *res judicata,* citing the recent case of *Cumbea v. Reynolds Metals Company,* Civil Action No. 75–0233–R, which was dismissed by order of this Court on 12 February 1976 with prejudice. Defendant does not point out wherein that action involved the claim of a denial of free speech to plaintiffs Cumbea, Howard and Branch at meetings of the defendant Union. Defendants do point to a release executed by plaintiff Cumbea in connection with the dismissal of *Cumbea v. Reynolds, supra,* but no such release is shown to have been executed by plaintiffs Howard and Branch in connection with that dismissal. In any event, the release executed by Mr. Cumbea, though broad and comprehensive, is limited to claims arising "from or with regard to employment discrimination." The Court is not persuaded that this release was intended to cover claims against the Union for violation of Cumbea's rights as a member of the labor union as protected by LMRDA. Thus, the claims under Count II are barred neither by *res judicata* nor by a release.

## PARTIES

The only parties litigant who have asserted a factual basis for a complaint are the plaintiffs Cumbea, Howard and Branch with respect to Count II and the plaintiff Paul Tedder with respect to Count I. In this new posture of the suit the question of the certification of a class is substantially different from that which existed at the time plaintiffs filed their motion for certification herein and their brief with respect thereto. Accordingly, the Court will not rule on the previous motion for certification filed, but will grant plaintiffs leave to file a motion and brief for certification of class in the new posture of the case. Such motion and brief shall be filed within twenty days of the entry of an order pursuant to this memorandum.

An appropriate order shall issue.