## CIRCUIT COURT OF THE CITY OF ROANOKE

Ruth S. Via

v.

Barry L. O'Donnell et al.

October 19, 1982

BY JUDGE JACK B. COULTER

By an amended motion for judgment filed on June 30, 1982, the plaintiff has added counts of libel and slander to her claims against the defendants for their alleged wrongful activities of July 15, 1980. The original motion for judgment was filed on May 20, 1981, well within any limitations period of one year. The plaintiff acknowledges that this initial pleading did not include any claim for libel or slander and, further, that the filing of an amended complaint where new charges are added cannot be related back in point of time to the date of the original filing so as to stop the running of any statute of limitations as of the earlier time. *See Irvine v. Barrett*, 119 Va. 587 (1916), which so holds. Hence, it is conceded that the plaintiff's claims of libel and slander against the defendants were filed after the running of any one-year statute but before the expiration of the two-year bar. The question at issue, then, is what statute of limitations applies to claims of libel or slander.

Chapter 4 of Title 8 of the Code of Virginia covers the subject of "Limitations of Actions" (§§ 8.01–228 through 8.01–256). This chapter was substantially revised in 1977 when the entire procedural code (formerly Title 8) was rewritten. Prior to the 1977 amendments, the survivability or nonsurvivability of a claim was a controlling factor in determining what time limitations applied under certain circumstances. By § 8.01–25, however, all causes of action have been made to survive.

The 1977 amendment thus required the elimination of that criteria of survivability from former § 8–24, which provided:

§ 8–24. *Of actions not before specified.* — Every action for personal injuries shall be brought within two years next after

the right to bring the same shall have accrued. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, *if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued.* The amendment extending the period within which an action for personal injuries may be brought under this section to two years shall not apply to any cause of action arising prior to July one, nineteen hundred fifty-four [emphasis added]

. . . .

The portions italicized above were accordingly removed from the new statutes, which became §§ 8.01–243(A), 8.01–243(B), and 8.01–248. These new sections, all a part of Article 3 of Chapter 4 and included under the subject of "Personal Actions Generally," provided:

§ 8.01–243. *Personal action for injury to person or property generally.* —

A. *Unless otherwise provided by statute*, every action for personal injuries, *whatever the theory of recovery*, except as provided in B hereof, shall be brought within two years next after the cause of action shall have accrued. [New substantive portions italicized.]

B. Every action for injury to property, including actions by a parent or guardian of an infant against a tortfeasor for expenses of curing or attempting to cure such infant from the result of a personal injury or loss of services of such infant, shall be brought within five years next after the cause of action shall have accrued.

Paragraph B of this section simply takes the five-year limitation of the second sentence of former § 8–24 and applies it to all tort actions for injury to property, expressly including as a property claim a parent's action for expenses or loss of services of an infant. Since property claims are not at issue in the case at bar, we can exclude § 8.01–243(B) from any further analysis.

§ 8.01–248. *Personal actions for which no other limitation is specified.* — Every personal action, for which no limita-

tion is otherwise prescribed, shall be brought within one
year after the right to bring such action has accrued.

It will be noted that the language of this catch-all provision parallels the beginning of the second sentence of § 8–24. The new section omits the references to survivability and simply concludes that a one-year limitation will apply to every personal action not otherwise provided for. The categories of a five-year time bar for property damage actions (claims that survived) and a one-year limitation for personal actions (claims that did not survive) were eliminated. The property damage claims became a part of the new § 8.01–243(B).

The issue in this case, then, is reduced to a determination of whether or not a claim for damages based on libel and slander is an "action for personal injuries." Furthermore, the significance of the addition to the new statute of the expressions "unless otherwise provided by statute" and "whatever the theory of recovery" must be addressed. Consideration must also be given to what actions were intended to be included within the provision of § 8.01–248 that "every personal action, *for which no limitation is otherwise prescribed*, shall be brought within one year." Putting this last point another way, if, as the plaintiff urges, § 8.01–243(A) now includes *every* action for personal injuries *"whatever the theory of recovery,"* what is left for § 8.01–248 to control? Or is § 8.01–248 the statute referred to in the beginning clause of § 8.01–243(A) "Unless otherwise provided by statute . . . ."?

Lastly, the historical interpretation apparently given to the first sentence of § 8–24 should be reviewed. In other words, as the defendants have suggested, since actions similar to libel and slander were not considered to be within those actions covered by the prior two-year rule, then because of such historical treatment, these claims are covered by those "personal actions for which no limitation [has] otherwise been prescribed," those actions, in other words, intended to be included under § 8.01–248.

It is first important to note that there has been no case decided by the Supreme Court of Virginia squarely holding what statute of limitations applies to an action for libel and slander. Secondary authorities, however, seem uniform in believing that a one-year statute controls. The Revisors' Note to § 8.01–248, for instance, suggests that this catch-all one-year statute of limitations applies to actions based on malicious prosecution and abuse of process and by infer-

ence to its close relation, libel and slander; but libel and slander are not mentioned.

Parenthetically, it should be remembered that actions for malicious prosecution are not favored and "have been hedged about by limitations more stringent than those applied to almost any other suits for acts causing damages to others." This is so because public policy favors the exposure of crime which actions of malicious prosecution tend to discourage. *See* 12A M.J., *Malicious Prosecution*, § 2.

In addition to the Revisors' Note, 12A M.J., *Libel and Slander*, § 45, p. 120, states that: "An action for defamation is a mere personal action and therefore is barred in one year in Virginia . . . ."

Defamation, it must be acknowledged, embraces both libel and slander; but Michie's cites no Virginia authority for this conclusion, which seems to be based on a distinction between a personal action and an action for personal injuries. § 8.01–228, however, defines a personal action as "an action wherein a judgment for money is sought, whether for damages to person or property." A personal action, therefore, by definition includes an action for personal injuries.

Furthermore, the new work on Virginia Civil Procedure (1982) authored by T. Munford Boyd, Edward S. Graves, and Leigh B. Middleditch, Jr., who served as consultants to the Virginia Code Commission in the revision of the civil procedure system of Virginia undertaken from 1972 to 1977, categorically concludes that the one-year statute of limitations applies to defamation actions. At page 42, for instance, we find:

> There is no specific statute of limitations for defamation actions and the one-year catchall, § 8.01–248, applies.

And further at page 181:

> Few actions do not have specific limitation periods, but the section (§ 8.01–248) will be applicable to actions for libel and slander, malicious prosecution, and abuse of process.

The authority cited by Boyd, Graves, and Middleditch to support the application of § 8.01–248 to libel and slander actions is Michie's Jurisprudence (the same reference quoted above). The case apparently relied upon by the writers of both treatises is *Porter v. Mack*, 40 S.E. 459 (W. Va. 1901).

In addition, as the defendants point out in their Supplemental Memorandum of October 1, 1982, the authors of the BAR/BRI Re-

view Course for Virginia have concluded that defamation is governed by the one-year statute of limitation, apparently distinguishing between physical and nonphysical personal injuries. The V.A.D.A. publication of October, 1981, on Limitations also indicates that the one-year time bar governs libel and slander or defamation (pp. 14 and 31), but it is significant to observe that this conclusion is guarded by the modification that it only "probably" applies.

Yet, despite this formidable array of impressive opinions, including the concession in *Weaver v. Beneficial Finance Co.*, 199 Va. 196, 197 (1957), there has been no decision of the Supreme Court of Virginia squarely addressed to the issue. And the conclusion which is almost inescapable from a logical analysis of *Fuller v. Edwards*, 180 Va. 191 (1942), creates an irreconcilable conflict with these secondary authorities.

In *Fuller*, the extent of a trial justice's jurisdiction was at issue. The defendant urged that the statute defining the powers of the trial justice did not include the power to hear cases involving slander and insulting words; that the statute only granted jurisdiction to hear claims, among others, "for any injury to the person"; that injury to the person meant something physical; that slander and insulting words were not actions for personal injuries, and hence, the trial justice had no jurisdiction.

In rejecting this argument, the Court held quite cogently and emphatically, quoting Blackstone, Kent, Cooley, Minor and Jones, that defamation involved personal injuries. Paraphrasing Blackstone, the Court noted:

> The idea expressed is that a man's reputation is a part of himself, as his body and limbs are . . . .

Quoting from Kent, the Court observed:

> "As a part of the rights of personal security, the preservation of every person's good name from the vile arts of detraction is justly included. The laws of the ancients, no less than those of modern nations, made private reputation one of the objects of their protection."
>
> The inherent rights of security in the person are not confined to security from violence done to the body.

So reasoning, the Court continued:

> It is true that injury to the person is at times limited to something physical, particularly insurance policies, *but the*

> *weight of authorities hold that injury to one's reputation is
> an injury to the person* . . . . [Emphasis added.]

And finally, the Court concluded:

> One false charged as being afflicted with some disreputable
> disease or with being of ignoble origin may suffer more than
> he would through loss of limb in some automobile accident
> . . . .
>
> Indeed, an impaired reputation is at times more disastrous
> than a broken leg. Any violation of these inherent and com-
> mon rights is an injury to the person for which compensation
> will lie, either at law or in equity . . . .

To similar effect is the general description of libel and slander set
forth in 12A M.J., *Libel and Slander*, § 2, p. 49:

> A libel or a slander might deprive a man of employment,
> destroy his credit, ruin his business, and greatly impair his
> estate, *but an action therefor would be an action for a per-
> sonal injury*, the effect of the wrong on the estate of the
> injured party being merely incidental. *The personal injury is
> the gravamen of the action*, and the effect of the alleged
> malicious acts of the defendant upon the estate of the plain-
> tiff is incidental merely . . . . [Emphasis added.]

Hence, if libel and slander are injuries to the person, then why are
they not included within the broad sweep of § 8.01–243(A) which
provides, to repeat, that "*every* action for personal injuries . . . shall
be brought within two years . . . ." This statute is *not* limited to
actions involving *bodily* or *physical* injuries, as the defendants sug-
gest and as the author of the BAR/BRI Review Course implies. Nor
does this statute attempt in any way to define or itemize the type of
personal injury actions that are to be included. If any exception was
intended, then why is the word "*every*" used? What does "every"
mean if not every?

If defamation is an "injury to the person," which is clearly equiv-
alent to a "personal injury" as *Fuller* holds, then the resolution of
this issue is reduced to a simple and basic syllogism:

1. Every action for personal injuries shall be brought within two
years.

2. Libel and slander are actions for personal injuries.

3. Ergo, actions based on libel and slander shall be brought within
two years.

Applying the geometric formula: If a = c and b = a, then b = c is also persuasive with "a" being every action for personal injuries," "c" being the two-year statute of limitations, and "b" being "libel and slander."

Any other interpretation of § 8.01–243(A) simply strains basic logic to the breaking point and would make a mockery of the English language. A statute so clear, especially as recently reenforced by the expression "whatever the theory of recovery," needs no further interpretation. Once an action is defined as being a claim for personal injuries, then such action is governed by the two-year statute, unless the opening clause of § 8.01–43(A), "Unless otherwise provided by statute," has any relevant meaning. But there is no other statute relating to libel and slander. This attempted proviso in § 8.01–243(A) runs squarely into the reverse exception included in § 8.01–248 — "for which no limitation is otherwise prescribed." They run into and, in effect, cancel each other. Following these provisos would be analogous to making a U turn only to run into another U turn, putting one back into his original direction.

The defendants rely heavily on two federal district court cases, *Evans v. Sturgill*, 430 F. Supp. 1209 (W.D. Va. 1977), and *Moore v. Allied Chemical Corporation*, 480 F. Supp. 364 (E.D. Va. 1977), both decided before the 1977 amendments to § 8–24. These decisions, however, totally ignored the first sentence of § 8–4, which provided that: "Every action for personal injuries shall be brought within two years . . . ." Both of these federal decisions involved, in one way or the other, claims for libel and slander or their equivalent. And in each instance, the Court based its holding on the survivability of the claim. In *Evans*, the Court began its analysis at p. 1214 as follows: "Therefore, resolution of the question of which limitation period applies depends on whether or not the cause of action survives the injured party." The Court then considered the categories of injuries claimed, concluded that they were basically personal injuries (and not survivable, hence invoking the one-year statute) rather than injuries to property (which were survivable and thereby earned the five-year statute). Accordingly, the claims being primarily for injuries to the person which did not survive, the Court applied the one-year statute.

*Moore* was treated the same way, the Court noting at p. 370 as it undertook the resolution of this issue:

The Court's *first* inquiry is whether any of the injuries claimed are injuries to property, as opposed to personal injuries, within the meaning of § 8–24. [Emphasis added.]

But if they were claims for personal injuries, we interpose, should not the *first* inquiry have been why they were not covered by the first sentence of § 8–24? Continuing, the Court in *Moore* noted:

Among the injuries claimed are: damage to reputation; pain, mental anguish, and suffering; injury to credit and financial standing; and defamation of character. *Under Virginia law, these are clearly personal injuries* . . . . [Emphasis added.]

Counsel for the defendants has argued that the amendments to § 8–24 adopted since these federal cases should make no difference because the test is whether or not libel and slander, being nonphysical injuries, are included within the first concept of "actions for personal injuries" and that the elimination of the factor of survivability does not detract from the authority of *Evans* and *Moore*. But these cases were grounded on the nonsurvivability of personal actions and *assumed*, but obviously did not consider, the basic initial inquiry which this issue demands: What actions are included within the first sentence that "*every* action for personal injuries shall be brought within two years."

A case with a somewhat reverse twist was decided under Delaware law by the U. S. District Court for Delaware in 1956. In *McNeill v. Tarumianz, et al.*, 138 F. Supp. 713 (D. Del. 1956), an action for libel, the Court held that although the injuries caused by the libel were subject to Delaware's three-year statute of limitations on actions for injuries unaccompanied with force, it was nonetheless also an action for "personal injuries" within Delaware's one-year statute on actions for personal injuries. Libel and slander clearly being actions for personal injuries, the Court held, the one-year rather than three-year limitations was held to apply because, the Court reasoned: "The generally accepted concept of a 'personal injury' includes injuries to the reputation." And: "There is no firm basis to support the position that libel and slander were considered to be other than personal injuries at common law."

In this Delaware case, then, the plaintiff was barred because libel and slander were held to be actions for personal injuries, and the shorter rather than longer period of limitations was held to control.

Notwithstanding the decisions in *Evans* and *Moore*, there have been some eighteen other federal cases in recent years that have applied the Virginia two-year statute of limitations on personal injuries to situations which, for the most part, did not involve physical or bodily damages. Some of these cases involved disputes as to whether the claim was based on contract or tort; others in distinguishing between property or personal injuries. They are collected in the annotations to § 8.01–243 under IIB, pp. 192–194, of the Virginia Code and in the 1982 Cumulative Supplement, pp. 41–42. Beginning with *Almond v. Kent*, 459 F.2d 200 (4th Cir. 1972) (a state prisoner alleging deprivation of civil rights in being beaten (a bodily injury) but also in being placed in isolation and being denied visitations by his family); *Allen v. Gifford*, 462 F.2d 615 (4th Cir. 1972) (an action for refusal to sell a house to a black); and *Sitwell v. Burnette*, 349 F. Supp. 83 (W.D. Va. 1972) (a civil rights action by a former college professor whose contract had not been renewed); these cases have uniformly referred to the Virginia two-year limitations on "personal injuries" as the more appropriate state statute. After *Almond, Allen,* and *Sitwell*, § 8–24 of the Virginia Code was amended to include the following additional paragraph:

> Notwithstanding any other provisions of law to the contrary, every action brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, shall be brought within one year next after the right to bring the same shall have accrued.

Thereafter, the federal courts held this addition to the Virginia statute unconstitutional as being an impermissible burden upon and discriminatory against the assertion of federally created rights. *See Brown v. Blake & Bane, Inc.*, 409 F. Supp. 1246 (E.D. Va. 1976) (claim based on racial discrimination in sale of housing); *Van Horn v. Lukhard*, 392 F. Supp. 384 (E.D. Va. 1975) (suit by former Virginia prisoner against prison officials to recover damages for being raped on the theory that the guards failed to prevent it or rescue him); *Bulls v. Holmes*, 403 F. Supp. 475 (E.D. Va. 1975) (a civil rights action by a white against county official for hiring allegedly less qualified blacks, extending the Virginia two-year statute of limitations to § 1981 actions as well as § 1983); *Steward v. Norfolk, Franklin & Danville Ry. Co.*, 486 F. Supp. 744 (E.D. Va. 1980); *aff'd* 661 F.2d 927 (4th Cir. 1981) (claim of employment discrimination and deprivation of civil rights based on race); *White v. City of Suf-*

*folk*, 460 F. Supp. 516 (E.D. Va. 1978) (a black employee of the city police department charging racial discrimination in hiring and promotional practices); *Brady v. Sowers*, 453 F. Supp. 52 (W.D. Va. 1978) (a civil rights action based on § 1985 of the Civil Rights Act alleging a conspiracy to violate the plaintiff's constitutional rights by effecting his arrest on false charges); *Harris v. Obenshain*, 452 F. Supp. 1172 (E.D. Va. 1978) (a former shareholder suing fellow shareholders for depriving him of his property interest in diluting the value of his stock because of his race, held to be a tort and "personal injury" requiring the two-year limitation, rather than the five-year time bar for contract actions as urged by the plaintiff); *Clymer v. Grzegorek*, 515 F. Supp. 938 (E.D. Va. 1981) (involving question as to the tolling of the statute of limitations, but holding that the failure to provide a secure and safe place of confinement violated the Virginia two-year statute of limitations on "personal injuries"); *Landman v. Royster*, 354 F. Supp. 1302 (E.D. Va. 1973) (action by state prisoners against state officers in applying administrative sanctions such as solitary confinement, unannounced searches, etc., held to be governed by two-year statute on "personal injuries" under *Almond* rationale); *Wilkinson v. Hamel*, 381 F. Supp. 768 (W.D. Va. 1974) (notwithstanding request for equitable relief, teacher's suit for wrongful refusal to renew teaching contract fell within scope of Virginia's two-year statute of limitations for "personal injuries" as action was based on deprivation of constitutional rights); *Edgerton v. Puckett*, 391 F. Supp. 463 (W.D. Va. 1975) (two-year time bar applied to claim for unlawful arrest and illegal confinement based on discrimination toward federal rights apparent in the state statute restricting civil rights actions to one year).

Several other of these cases are of particular interest. In *Howard v. Aluminum Workers International Union*, 418 F. Supp. 1058, 589 F.2d 771 (1978), for instance, the plaintiffs argued that their claims of unfair union representation and denial of free speech, being contractual in nature, should be controlled by Virginia's three-year limitations applicable to contract disputes. The court held, however, that Virginia's two-year tort statute of limitations barred the claim. (But see Widener's concurring opinion suggesting that the one-year limitation was more appropriate.)

*Williams v. Westbrook Psychiatric Hosp.*, 420 F. Supp. 322 (E.D. Va. 1976), was an action for wrongful confinement against the hospi-

tal and libel and slander against a psychiatrist who had testified in a judicial proceeding. The suit was brought nearly five years after the plaintiff had reached his majority. Noting that the psychiatrist's testimony was absolutely privileged, the Court went on to hold the action of libel and slander and wrongful confinement barred by the two-year statute of limitations on "personal injury" claims.

In *Cramer v. Crutchfield*, 496 F. Supp. 949 (E.D. Va. 1980), a suit for malicious prosecution and abuse of process (which were dismissed on the merits) and unlawful search and seizure, as well as a separate action under 42 U.S.C. § 1983, the Court held that unlawful search and seizure under Virginia law was a personal injury rather than an injury to property. *See, McClannan v. Chaplain*, 136 Va: 1 (1923). Virginia's two-year statute applied, therefore, and the claim, having been brought beyond the two-year period, was barred.

These federal cases are not squarely in point to the precise issue at bar. They deal primarily with violations of civil rights, constitutional torts, and infringements of federal statutes. But the cumulative impact of these decisions demonstrate a rather persuasive consensus that the scope of "personal injuries" is far broader than the concept of "bodily" or "physical injuries." They further dramatically illustrate the inconsistency that would develop in holding certain nonbodily personal injuries subject to a two-year time bar while imposing a one-year period of limitations for libel and slander.

If claims based on a denial of free speech, unfair labor representation, unlawful search and seizure, racial discrimination in hiring or promotion, refusal to renew teaching contracts, failure to provide a secure and safe place of confinement are all considered to be "personal injuries" within the scope of the Virginia statute — even though federal or constitutional rights might be involved — how can claims based on libel and slander be logically excluded? And policywise, though this is admittedly the province of the legislature, what would be the rationale for providing different periods of limitation for emotional distress growing out of a negligence action and the same type of suffering resulting from a libel or slander? Surely, allowing two years to present a claim for defamation is not so long a period as to disturb the basic policy behind statutes of limitation which is set forth in 12A M.J., *Limitations of Actions*, § 2, as follows:

> They [statutes of limitations] are designed to suppress fraudulent and stale claims from being asserted after a great lapse

of time, to the surprise of the parties, when the evidence may have been lost, the facts may have become obscure because of defective memory, or the witnesses may have died or disappeared.

Nonetheless, the argument might be advanced that if libel and slander are controlled by § 8.01–243(A), then what is left for the catch-all statute, § 8.01–248, to govern? That it might embrace malicious prosecution and abuse of process as suggested in the Revisor's Note stems from only one case, *Mumpower v. City of Bristol*, 94 Va. 737 (1897). This case is cited by Boyd, Graves, and Middleditch at page 181 of their new work on Virginia Civil Procedure.

In *Mumpower*, the action was against the defendant for maliciously and without probable cause suing out an injunction against the plaintiff which caused the operation of his mill to be suspended. The issue addressed was whether or not the action was survivable. The Court held that although damages to property were indirectly involved, the action was personal and hence the one-year statute applied. Once again, as in *Evans* and *Moore*, the applicability of the first sentence of the statute was not discussed, argued, or considered.

That there would be other actions which § 8.01–248 might cover is suggested in 51 Am. Jur. 2d, *Limitations of Actions*, § 83. This section discusses statutes of limitations from the various jurisdictions having similar provisions for "all actions not otherwise provided for." The author summarizes:

> It may, however, be noted that in some jurisdictions, the following actions have been held to be governed by the limitation period applicable to actions or cases "not otherwise provided for": actions for declaratory judgments; actions against officers and directors of a corporation to enforce their statutory liability for corporate debts contracted in excess of the statutory limit and knowingly consented to by them; suits by municipalities for the collection of special assessments; and actions under the antitrust act for threefold damages . . . .

Whether or not, however, there would be any residue left for § 8.01–248 to embrace is really beside the point. The fact remains that § 8.01–243(A) is an expression without a relevant exception that *every* action for personal injuries, *whatever the theory of recovery,*

qualifies for the two-year statute of limitations. Libel and slander being actions for personal injuries and the statute not being limited to physical or bodily injuries, these actions come within the purview of § 8.01–243(A). This Court cannot bring itself to depart from language and logic so plain and unambiguous nor read into the statute qualification or exception which the legislature has not provided — at least not until so directed by a higher court who, if so persuaded, will hopefully be able to demonstrate clearly the error of this analysis.

The defendants' plea of the statute of limitations is, accordingly, denied.